IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TROY U. CARTER                                                                                    PLAINTIFF

v.                                            CIVIL NO. 10-5149

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Troy U. Carter, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g). Plaintiff moves to supplement the record with additional medical evidence and that the Court reverse the ALJ's decision and award benefits. (Doc. 9). Defendant opposes the supplementation of the record. (Doc. 10).

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on November 6, 2006, alleging an inability to work since October 30, 2006, due to difficulties relating to Plaintiff's left

frontal astrocytoma,[1] a seizure disorder, cognitive and memory problems, personality changes, fatigue and mood swings. (Tr. 127-136). An administrative hearing was held on September 11, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 26-74). Plaintiff's wife and a vocational expert also testified at this hearing.

By written decision dated October 23, 2008, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 84). Specifically, the ALJ found Plaintiff had the following severe impairments: an organic brain syndrome and epilepsy. However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 84). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1576(b) and 416.967(b), except the claimant can have no exposure to hazards, such as unprotected heights or heavy machinery, and the claimant cannot drive. Finally, the claimant can perform only low-stress, unskilled work where interpersonal contact is incidental to the work performed.

(Tr. 85). With the help of a vocational expert, the ALJ determined Plaintiff could perform other work as a bench assembler, a maid, and a poultry eviscerator. (Tr. 88).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing the additional medical evidence denied that request on June 7, 2010. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant

---

[1] An astrocytoma is defined as the most common type of primary brain tumor and is also found throughout the central nervous system. Dorland's Illustrated Medical Dictionary at 171, 31st Edition (2007).

to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 10).

## II.  Evidence Presented:

The medical evidence Plaintiff moves to supplement the record with is a consultative neuropsychological examination performed by Dr. Patricia Walz on November 17, 2009. (Doc. 9, Exhibit B). After evaluating Plaintiff, Dr. Walz diagnosed Plaintiff with a cognitive impairment secondary to a brain tumor with personality changes, attention deficit hyperactivity disorder, and depression secondary to a general medical condition. Dr. Walz also assigned Plaintiff a global assessment of functioning score of 35-40.[2] Dr. Walz reported that Plaintiff demonstrated a significant impairment in processing speed, recognition memory, complex problem solving, manual dexterity, grip strength, and attention/concentration. Dr. Walz opined that Plaintiff would have difficulty learning new skills and would need almost one-on-one constant supervision to stay on task on the job.

Plaintiff also submitted evidence indicating that he filed a second application for benefits and was found to be disabled as of October 21, 2008. (Doc. 9, Exhibit A).

## III.  Discussion:

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42

---

[2] According to the Diagnostic and Statistical Manual of Mental Disorders, a GAF of thirty-five to forty indicates "some impairment in reality testing or communication (e.g. speech is at times illogical, obscure, or irrelevant) or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home and is failing in school)." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 34 (4th ed. 2000).

U.S.C. § 405(g); Woolf v. Shalala, 3 F.3d 1210 (8th Cir. 1993); Chandler v. Secretary of Health and Human Servs., 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." Woolf, 3 F.3d at 1215.

The evidence offered as a basis for remand did not exist on October 23, 2008, when the ALJ issued his decision, and that fact serves as cause sufficient to excuse Plaintiff's failure to include these records in the administrative proceedings. Goad v. Shalala, 7 F.3d 1397, 1398 (8th Cir. 1993)(citations omitted).

Next, the Court considers the issue of materiality. "Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." Thomas v. Sullivan, 928 F.2d 255, 260 (8th Cir. 1991)(quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)); Basinger v. Heckler, 725 F.2d 1166, 1169 (8th Cir.1984) ("medical evidence of a claimant's condition subsequent to the expiration of the claimant's insured status is relevant evidence because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status").

In looking at the additional medical evidence, the Court notes that the opinion of Dr. Walz contains similar limitations addressed in the April 24, 2008, residual functional capacity questionnaire completed by Plaintiff's treating physician, Dr. Rodney T. Routsong, which was only given partial controlling weight by the ALJ. (Tr. 422-425). After reviewing the entire record, we find that remand is appropriate for consideration of the additional medical evidence as it appears to indicate that Plaintiff's impairments imposed limitations that were possibly more

severe during the time period in question than the evidence before the ALJ indicated. See Geigle v. Sullivan, 961 F.2d 1395, 1396-1397 (8th Cir. 1992).

IV.   **Conclusion:**

Based on the foregoing, the Court remands this case to the Commissioner for consideration of additional evidence pursuant to sentence six of 42 U.S.C. § 405(g).

DATED this 19th day of August 2011.

/s/ *Erin L. Setser*
　　HON. ERIN L. SETSER
　　UNITED STATES MAGISTRATE JUDGE